## Grinnell v. The Mississippi and Missouri Railroad Company.

*Appeal from Poweshiek District Court — Tuesday, December 20th.*

EVIDENCE: OPINION: DAMAGES.

The facts were stated and the decision announced by —

Lowe, J. — A special proceeding under chapter 55 of the Revision, to have assessed, by commissioners, the damages which the plaintiff sustained in granting to the defendants the right of way through his land. The amount awarded by said commissioners was $26.33. The plaintiff appealed to the District Court, and there recovered $45.00, and thereupon the defendant appeals to this court. An inspection of the record fails to satisfy us that any substantial error or irregularity has occurred in the proceedings. We notice, however, only, and that too but briefly, the questions saved by the record. First, the appellant complains that his motion to dismiss the appeal from the commissioners to the District Court was overruled, the causes for filing the same being, that it had not been taken in time — the appeal bond not filed with or approved by the sheriff — no revenue stamp on the same — no transcript, &c. These reasons are inadmissible. The

appeal was taken in time. The revenue stamp duly fixed and canceled upon the paper giving notice of the appeal. In addition to the notice and bond, we find in the record the award of the commissioners, which constituted all of the proceedings necessary to be filed; and in the absence of any specific directions in the statute allowing appeals in such cases, as to when the bond is to be filed and approved, if one is necessary, we cannot say that such filing with, and approved by the clerk, was irregular, or that the filing of a petition in the District Court by the plaintiff, violated a rule or inhibition of the statute, or worked any prejudice to the defendant.

Again the defendant excepted to the following ruling of the court. On the trial the plaintiff called and examined eleven witnesses, and the defendant six. After that the defendant called four other witnesses who had never seen the land in question, or had any personal knowledge how defendants' road would cut or pass through to the same, and proposed to take their opinion based upon the facts testified to by his six witnesses (whose testimony they had heard), as to the amount of damages he would sustain by the construction of the road through or over his land. This was properly disallowed by the court, among other things as we supposed, as infringing upon the proper domain of the jury. The other assignments are not based upon any exceptions below, and, therefore, no attention is given to them.

Affirmed.

*Martin*, for the appellant — *Eastman*, for the appellee.